ROAD IMPROVEMENT DISTRICT No. 9 *v.* BENNETT.

Opinion delivered June 6, 1921.

HIGHWAYS—AUTHORITY TO SET ASIDE WHOLE ASSESSMENT.—Acts Special Session 1920, No. 407, § 9, relating to Improvement District No. 9 of Sevier County, did not authorize the circuit court, on appeal from the county court, to set aside the whole assessment of benefits to pay for constructing the road, but provided a method for attacking assessments of benefits against particular tracts of land; section 7 providing a method of attacking the whole assessment of benefits in the chancery court.

Appeal from Sevier Circuit Court; *James S. Steel,* Judge; reversed.

*Lake & Lake,* for appellant.

1. The circuit court had no jurisdiction on appeal to set aside the judgment of the county court levying assessments of benefits under act No. 407, Acts 1920, § 9.

2. The judgment of the circuit court is not supported by the evidence. 139 Ark. 322. This case dis-

poses of every contention made that the lands in zone 4 should not be taxed because not benefited. 139 Ark. 155; 133 *Id.* 118. Every question raised by complainants has been settled by this court adversely to complainants.

*E. K. Edwards* and *B. E. Isbell,* for appellees.

The appeal should be dismissed. The situation and condition of the parties litigant has become so changed since the institution of this suit that this court can give no relief. 97 Ark. 372; 76 *Id.* 424; 73 *Id.* 194; 55 *Id.* 633; 78 *Id.* 388; 92 *Id.* 81; 113 *Id.* 26; 132 *Id.* 462; *Ib.* 469. See, also, C. & M. Digest, § 2162.

The repeal of the act creating the district has destroyed the legal entity of appellant district. Appellant has no legal standing in any court. 78 Ark. 388; 92 *Id.* 81; 141 Ark. 301.

This court will not decide questions which have ceased to be an issue. 132 Ark. 469; 113 Ark. 26. The act was repealed, and the repealing act provides for winding up the affairs of the district and liquidating its indebtedness. There are no outstanding bonds at the time of trial, and the issue of any certificates of indebtedness was sustained, and the appeal should be dismissed.

HUMPHREYS, J. This is an appeal from the judgment of the Sevier Circuit Court, setting aside a judgment of the county court levying an assessment of benefits to pay for constructing a road in Road Improvement District No. 9 of Sevier County. Appellees, four landowners in said district, prosecuted the appeal from the judgment of the county court under section 9 of act No. 407 of the special session of 1920 of the General Assembly of the State of Arkansas, creating the district. The issue tried and determined in the circuit court on appeal related to the assessment as a whole, and the issue as to the validity or invalidity of the individual assessments made upon the lands of appellees was not developed or determined. Section 9 of said special act, under which the appeal was taken, did not confer upon the circuit court power on appeal to set aside the whole assessment. It only provided a method for attacking, on appeal to the

circuit court, assessments of benefits against particular tracts of land for good cause shown by the property owner, or owners, of the particular tract or tracts. This construction must be given section 9 of the act aforesaid, because section 7 of the same special act provides a method for attacking the whole assessment of benefits in the chancery court of said county. If both sections provide a method for attacking the assessment of benefits as a whole, there is wanting in the act any remedy or redress for unjust or inequitable assessments of benefits against individual tracts of land, since section 7 of said act provides in unmistakable terms for a remedy or redress against an unjust or inequitable assessment as a whole by suit in the chancery court. The conclusion is irresistible, that the remedy, or redress provided in section 9, has relation to redress for unjust or inequitable assessments of benefits against particular tracts of land, for it is quite unlikely that the Legislature would give two remedies for correcting unjust or inequitable assessments as a whole and no remedy for correcting individual assessments. The circuit court was, therefore, without jurisdiction to set aside the entire assessment of benefits in the district, and should have limited the inquiry to the validity of the assessments against the particular tracts of land owned by the appellees herein.

Appellees insist, however, that this cause should be dismissed, and have filed a motion for that purpose, because, during the pendency of the appeal here, the General Assembly of this State passed an act repealing the special or local act by which the district in question was created. The repealing act bears No. 291 and was approved March 21, 1921. Section 1 of the repealing act is as follows:

"That act No. 407 of the General Assembly, approved February 20, 1920, entitled 'An Act to Create Road Improvement District No. 9 of Sevier County,' be and the same is hereby repealed."

Section 2 of the repealing act provides, among other things, for a continuation of the district and the commis-

sioners thereof for the purpose of paying the indebtedness thereof. Said section, in part, is as follows: "On the expiration of said six months (referring to the time in which claims against the district may be presented to the commissioners) it shall be the duty of the commissioners to levy upon the real property of the district a tax sufficient to pay the indebtedness thereof. If the assessment of benefits of the district has been made and confirmed, said tax shall be based upon such assessment of benefits. If the assessment of benefits has not been made and confirmed, it shall be by the assessed value of the property for State and county taxation as it appears upon the county assessment." The insistence of appellant is that the repealing statute, approved March 21, 1921, is void, because it impaired the obligation of contracts, and, in that respect, infringes upon both the Constitution of the State and of the United States. So far as the issue involved on this appeal is concerned, it is unnecessary to determine whether the repealing act is valid or void. The issue here is whether the circuit court had jurisdiction on appeal to set the judgment of the county court, levying the assessments of benefits against the property in the district, aside in whole. It follows, from our conclusion that it did not, that the levy of assessment of benefits as a whole must stand, whether the repealing act be valid or void. If the repealing act is void, the judgment, levying the assessment of benefits, will stand as a whole under the original act creating the district, because not attacked by suit in the chancery court under section 7 of the original act. If the repealing act is valid, the act itself provides for a continuation of the district for the purpose of paying the indebtedness thereof and authorizes the commissioners to base the assessment of benefits upon the confirmed assessment of benefits levied under the judgment of the county court. It not being necessary to pass upon the validity of the repealing act, we withhold any opinion as to what might be deemed valid claims against the district within the

meaning of claims, as used in section 2 of the repealing act.

The motion of appellees to dismiss the appeal is therefore overruled, and, for the error indicated, the judgment of the circuit court is reversed and the cause remanded for further proceedings.